In the

# United States Court of Appeals
## For the Seventh Circuit
_____

Nos. 02-3592, 03-3230

KALPANA S. JOSHI,

*Petitioner*,

*v.*

JOHN ASHCROFT, Attorney General
of the United States,

*Respondent.*

_____

On Petitions for Review of Orders of
the Board of Immigration Appeals.
No. A 73 577 781

_____

ARGUED OCTOBER 5, 2004—DECIDED NOVEMBER 19, 2004

_____


Before POSNER, KANNE, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*.  This petition to review orders denying two motions to reopen a removal proceeding requires us to consider the permissibility of successive motions to reopen such proceedings and the requirements for proving nonreceipt of notice of a removal hearing.

The petitioner had entered the United States on a visitor's visa. She remained after its expiration but asked for asylum. On March 3, 1998, the immigration service mailed her by regular mail to her correct home address a notice to appear

before an immigration judge at a hearing on April 29 to determine her removability. On March 21 and again on April 16 she wrote the service asking about the status of her application for asylum. She sent these letters certified mail return receipt requested, and received the receipts, showing that the letters had been duly delivered to the correct address. There was no response, however, probably because the letters had been sent to the wrong office.

She did not show up for the hearing on April 29, and so the immigration judge ordered her, in absentia, removed. The order was mailed to her home and she received it the next day. She says that this was the first notice of the hearing that she had received; that she hadn't received the notice mailed on March 3. So she filed a motion to reopen supported by her affidavit that she had not received notice of the hearing in advance. The motion was denied and the Board of Immigration Appeals affirmed the denial. She filed a subsequent motion with the Board for reconsideration of its decision. The Board classified it as a motion to reopen and denied it because she did not provide any supporting evidence. She filed another motion to reopen, her third, identical to the second but providing the missing evidence. Nevertheless this one was also denied, on the basis of the "number limitations" discussed in the next paragraph. But, undeterred, she filed still another motion to reopen, and this time the Board denied it on the substantive ground that her failure to appear at the hearing was inexcusable.

The parties do not discuss the possible bearing on our jurisdiction to review the denial of the last motion of the rule that an alien who having failed to appear at his removal hearing is ordered ("in absentia") removed may file only one motion to reopen, 8 U.S.C. § 1229a(b)(5)(A), unless the previous motion was denied for purely technical deficien-

cies. *Chowdhury v. Ashcroft*, 241 F.3d 848, 852-54 (7th Cir. 2001). The Board, while relying on this limitation to deny the petitioner's third motion (she asks us to review that denial as well, but review of it is clearly barred because of the number limitation), ignored it in denying the second and deemed it inapplicable to the fourth because of a regulation, 8 C.F.R. § 1003.2(c)(3)(i), which states that the "number limitations for motions to reopen do not apply to a motion pursuant to 8 C.F.R. § 1003.23(b)(4)(iii)(A)(2)." The latter subsection provides that a motion to reopen may be made at any time "if the alien demonstrates that he or she did not receive notice or if the alien demonstrates that he or she was in federal or state custody and the failure to appear was through no fault of the alien." However, as is clear from the caption, the provision relates not to removal proceedings but to deportation or exclusion proceedings. A separate provision, 8 C.F.R. § 1003.23(b)(4)(ii), deals with removal proceedings and does not contain the language on which the Board relied in ruling that the one-motion limit did not apply to the petitioner's fourth motion to reopen; on the contrary, this provision is explicit that only one motion to reopen a removal proceeding may be filed. We cannot find any statutory basis for the Board's failing to apply the number limitation to the second and fourth motions, as well as to the third motion, to which the Board did apply the limitation. And if the limitation is jurisdictional, then the fact that the Board did not rely on it and that the government does not cite it as a ground for affirming the Board is of course irrelevant.

But in agreement with the other circuits to take up the issue, we do not think that the limitation is jurisdictional. *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002); *Socop-Gonzalez v. INS*, 272 F.3d 1176, 1191-93 (9th Cir. 2001) (en banc); *Iavorski v. INS*, 232 F.3d 124, 133 (2d Cir. 2000). The

emergent distinction, so far as classification of deadlines as jurisdictional or not jurisdictional is concerned, is between those deadlines that govern the transition from one court (or other tribunal) to another, which are jurisdictional, and other deadlines, which are not. *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 392-93 (4th Cir. 2004) (en banc); compare *Kontrick v. Ryan*, 124 S. Ct. 906, 916 (2004); *Scarborough v. Principi*, 124 S. Ct. 1856, 1864-65 (2004). A pertinent example is the 30-day limit in 8 U.S.C. § 1252(b)(1) on filing a petition for judicial review of a removal order; it is jurisdictional, *Stone v. INS*, 514 U.S. 386 (1995); *Firmansjah v. Ashcroft*, 347 F.3d 625, 626 (7th Cir. 2003) (per curiam), because it governs the sequence between tribunals (the Board of Immigration Appeals and the federal court of appeals).

The reason for treating the court-sequencing deadlines as jurisdictional, and thus (the functional significance of the classification) for not allowing them to be waived or forfeited, is the importance of preventing indefinitely deferred appeals, as where a losing party in the district court files a notice of appeal five years after the final judgment in that court. Successive motions, addressed to the same tribunal, to reopen a removal proceeding, while a bother, do not postpone the taking of an appeal to the court of appeals from the order of removal. The limitation on the number of such motions that may be filed is therefore not jurisdictional.

The Board can, as we noted in our recent decision in *Ahmed v. Ashcroft*, No. 03-2620, 2004 WL 2382141 (7th Cir. Oct. 26, 2004), turn down a motion for reconsideration or a motion to reopen without reaching the merits if all the motion does is rehash a previous argument. But that principle was not invoked by the Board and is not argued

by the government; therefore, not being even arguably a jurisdictional principle, it is waived.

And so the merits of the Board's denial of the crucial fourth motion to reopen are properly before us.

The petitioner does not deny that the notice of her hearing was mailed to the correct address; she just denies that the Postal Service delivered it to her. The denial (made under oath) presents a question of fact. The Board answered the question against her on the ground that her "uncorroborated allegation that she did not receive the Notice to Appear is insufficient to establish that she was not properly served with the notice." The Board also said that her claim "is unsupported by objective evidence." The Board did not indicate what it would consider sufficient proof. Two of the three cases that address the issue hold that an affidavit or other sworn denial does create a genuine issue of fact. *Ghounem v. Ashcroft*, 378 F.3d 740, 744-45 (8th Cir. 2004); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002). The third, however, *Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004), holds that the petitioner's "mere conclusory statement that he did not receive notice is insufficient to carry his burden of proof, in light of the presumption to the contrary."

The position of the *Ghounem* and *Salta* cases accords with what appears to be the majority view outside the immigration context. E.g., *Andrews v. Blake*, 69 P.3d 7, 14 (Ariz. 2003); *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459 (7th Cir. 1988); *Witt v. Roadway Express*, 136 F.3d 1424, 1429-30 (10th Cir. 1998); *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 735 (5th Cir. 1995); *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995); *Shur-Value Stamps, Inc. v. Phillips Petroleum Co.*, 50 F.3d 592, 596 (8th Cir. 1995); *In re The Yoder Co.*, 758 F.2d 1114, 1118-19 (6th Cir. 1985); *McCormick on*

*Evidence* § 344 (John W. Strong ed., 5th ed. 2003 Pocket Part, 2004); 9 John Henry Wigmore, *Evidence in Trials at Common Law* § 2519(B) (James H. Chadbourn ed., rev. ed. 1981). Most letters are delivered, but some aren't, and so if there is a sworn denial of receipt the trier of fact has to weigh the credibility of the denial in light of the fact that the vast majority of letters are delivered and that the intended recipient has a strong incentive to lie.

We doubt whether the Board meant to reject these cases; it was probably just endorsing the commonsensical proposition that a bare, uncorroborated, self-serving denial of receipt, even if sworn, is weak evidence. *In re Bucknum*, 951 F.2d 204, 206-07 (9th Cir. 1991). Nothing is simpler than submitting an affidavit in which one attests that one didn't receive a particular piece of mail. False swearing unfortunately is common and the deterrent effect of the possibility of a perjury prosecution for filing a false affidavit in a civil case is close to nil.

The skeptical approach of the *Gurung* case might seem supported by a line of cases that hold that clear and convincing evidence is required to rebut the presumption that a letter which is mailed to the correct address arrived there. E.g., *In re Bucknum*, *supra*, 951 F.2d at 207; *Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (a "mere denial of receipt does not [even] raise a question of fact as to mailing"); *Berkowitz v. Mayflower Securities, Inc.*, 317 A.2d 584, 585 (Pa. 1974); *Southland Life Ins. Co. v. Greenwade*, 159 S.W.2d 854, 858 (Tex. 1942); 16 *Williston on Contracts* § 49.80 (Richard A. Lord ed., 4th ed. 2004). But these are cases about the adequacy of notice by mail, and the adequacy of such notice does not depend on receipt. This is apparent from the statute authorizing in absentia removal proceedings—it provides that "service by mail under this section shall be sufficient if there is proof of *attempted*

delivery to the last address provided by the alien," 8 U.S.C. § 1229(c) (emphasis added)—and from the cases which hold that this provision satisfies due process. *Nazarova v. INS*, 171 F.3d 478 (7th Cir. 1999); *Dominguez v. Attorney General*, 284 F.3d 1258, 1260 (11th Cir. 2002); *Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997); *In re M-D-*, 23 I. & N. Dec. 540 (BIA 2002); cf. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002); *Khan v. Ashcroft*, 374 F.3d 825 (9th Cir. 2004). The fact that the intended recipient did not actually receive notice does not contradict evidence that delivery was attempted and the notice requirement thus satisfied. But when as in this case the issue is not notice but receipt, because the statute allows an alien ordered removed in an absentia proceeding to reopen the proceeding if he did not receive notice even if the notice that was sent, whether or not it was received, satisfied statutory and constitutional requirements, the intended recipient's affidavit of nonreceipt is evidence.

It is weak evidence, and so we may assume, though without having to decide, that the Board of Immigration Appeals could adopt the approach of the *Gurung* case and hold that the intended recipient's affidavit of nonreceipt is not by itself sufficient proof of nonreceipt to warrant a new removal hearing. But, so far as we are aware, the Board hasn't adopted that approach.

The result in the present case is to leave the Board out on a limb. Even if the Board's error in describing the petitioner's claim that she didn't receive notice as a mere "allegation" is ignored as merely clumsy language, it isn't true that the claim was not corroborated, or, what amounts to the same thing, was not supported by "objective" evidence. The fact that before the date of the hearing she sent two certified letters to the immigration service inquiring about the status of her proceeding is some "objective" evidence, some corroboration, that she hadn't received

notice of the hearing. See *Nunley v. Los Angeles*, *supra*, 52 F.3d at 796. It is inconclusive evidence, but as it was not even mentioned by the Board we cannot tell whether the Board thought it outweighed by the statistical likelihood that correctly addressed U.S. mail is delivered to the addressee, or simply overlooked it. A decision that resolves a critical factual question without mention of the principal evidence cannot be considered adequately reasoned. The Board's order is therefore vacated and the case returned to the Board for further proceedings consistent with this opinion.

A true Copy:

      Teste:

                    _____

                    *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*