

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2006

# Shabani v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2678

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Shabani v. Atty Gen USA" (2006). *2006 Decisions.* Paper 953.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/953

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2678

REXHAIL SHABANI,

<u>Petitioner</u>

v.

*ATTORNEY GENERAL OF THE UNITED STATES,

<u>Respondent</u>

*(Amended per the Clerk's 6/21/05 Order)

On Petition for Review of a Final Decision
of the Board of Immigration Appeals
BIA No. A70 584 135
Immigration Judge: Honorable Henry S. Dogin

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 12, 2006

Before: BARRY, SMITH, and TASHIMA,* <u>Circuit Judges</u>

(Filed: June 6, 2006)

OPINION

---

\* The Honorable A. Wallace Tashima, Senior United States Circuit Judge for the
Ninth Circuit Court of Appeals, sitting by designation.

TASHIMA, <u>Circuit Judge</u>:

Petitioner Rexhail Shabani was ordered removed from the United States following an *in absentia* hearing conducted by an Immigration Judge ("IJ"). Shabani challenged his removal by filing a petition for habeas corpus in the district court. Pursuant to the Real ID Act of 2005, his case, while pending in district court, was transferred to this Court to be treated as a petition for review. <u>See</u> Pub. L. No. 109-13, 119 Stat. 231, Div. B, Title I, § 106(c). Shabani contends that he was denied due process because he had previously received ineffective assistance of counsel, and because the *in absentia* order of removal was improperly granted. For the following reasons, we deny his petition.

## I. Factual and Procedural History

Shabani is a native of Yugoslavia and citizen of Macedonia. He entered the United States in 1992, and was neither admitted nor paroled after inspection by an immigration officer. He filed a petition for asylum in 1993. In the application, he mistakenly stated that he was a citizen of Albania. He was interviewed by the Immigration and Naturalization Service ("INS"), which subsequently denied his application. In 1996, he filed an application for employment authorization with the INS in which he stated that he was a citizen of Yugoslavia. His brother filed an I-130 petition, a petition for adjustment of status of an alien relative, on his behalf in 2001.

On December 18, 2003, the INS served a Notice to Appear ("NTA") on Shabani, charging him as removable as an alien present without being admitted or paroled. The NTA ordered Shabani to appear at an immigration hearing to be held in March 2004.

2

Shabani concedes that he received the NTA. Several days later, the INS sent Shabani a letter informing him that the hearing was rescheduled for January 13, 2004. Shabani claims that he never received this second notice. On January 13, 2004, Shabani failed to attend the hearing, so the IJ ordered *in absentia* that Shabani be removed to Macedonia. Notice of this order was sent to Shabani, which he admits that he received. The NTA, rescheduling notice, and notice of the removal order were all sent to the same address: 499 Cotluss Road, in Riverdale, New Jersey. On November 19, 2004, Shabani was arrested on the basis of the removal order, and placed in the custody of the Bureau of Immigration and Customs Enforcement (the successor to certain functions of the former INS).

On November 22, 2004, Shabani, through counsel, filed a motion to reopen the proceedings, claiming that he did not receive the notice rescheduling the hearing. Along with that motion, Shabani stated in an affidavit that he resided at 499 Cotluss Road, but did not receive the rescheduling notice. His father stated in an affidavit that he resided at the same address and did not see the rescheduling notice. The motion to reopen was denied. Shabani then acquired new counsel, and filed a second motion to reopen on December 1, 2004. The IJ denied the second motion on December 3, 2004.

On or around December 6, 2004, Shabani filed a motion to reconsider the denial of the second motion to reopen based on ineffective assistance of counsel. The IJ denied this motion as well. On January 14, 2005, Shabani filed a motion to terminate the removal proceedings, arguing that the removal order was improperly granted. Because

3

the removal order was already final, the IJ treated the motion as a motion to reconsider, and denied it. On February 1, 2005, Shabani filed a petition for writ of habeas corpus in the district court. At the same time, he also appealed the IJ's final decision to the Board of Immigration Appeals ("BIA"). In March 2005, the district court stayed its proceedings pending the appeal to the BIA.

The BIA issued a decision on April 21, 2005, denying Shabani's appeal. The BIA rejected Shabani's claims that the removal order was improperly granted, that he was denied due process by the IJ, that his motions to reopen and reconsider were improperly denied, and that he received ineffective assistance of counsel. On June 24, 2005, pursuant to the Real ID Act, the district court transferred Shabani's habeas case to this Court.

## II. Analysis

Under the Real ID Act, Shabani's transferred habeas petition is converted into a petition for review of the BIA's decision. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005), cert. denied, 126 S. Ct. 1362 (2006) (describing transfer provision of the Act). Accordingly, this Court has jurisdiction over the petition for review pursuant to 8 U.S.C. § 1252. See id. at 445-46.

This Court reviews an order of the BIA denying a motion to reopen for abuse of discretion. Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir. 2005). Review of the BIA's legal conclusions is *de novo*. Id. Similarly, this Court reviews *de novo* whether an alien was denied due process. Bonhometre, 414 F.3d at 446. Findings of fact made by the BIA may not be disturbed if they are supported by substantial evidence. Mahmood,

4

427 F.3d at 250; see also Chen v. Gonzales, 434 F.3d 212, 216 (3d Cir. 2005) (holding that the substantial evidence standard requires that administrative findings of fact be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary").

## A. Ineffective Assistance of Counsel

Shabani's first argument is that he was deprived of due process because he received ineffective assistance of counsel. Shabani contends that he received ineffective assistance from his first counsel because that law firm failed to file the first motion to reopen until November 2004. He contends that he received ineffective assistance from his second counsel because that lawyer acted negligently in filing confusing and inconsistent documents along with Shabani's second motion to reopen.

Aliens in removal proceedings have a right to due process, which includes a right to be represented by counsel. Zheng v. Gonzales, 422 F.3d 98, 106 (3d Cir. 2005). "Ineffective assistance of counsel may constitute a denial of due process if the alien was prevented from reasonably presenting his case." Id. (internal quotation marks omitted). To prevail on such a claim, an alien must demonstrate that his counsel's assistance was ineffective and that he was prejudiced by the counsel's poor performance. Id. at 107; see also Bonhometre, 414 F.3d at 448 (holding that an alien claiming a denial of due process must make an initial showing of substantial prejudice).

Assuming *arguendo* that Shabani's counsel were ineffective, his due process claim fails because he cannot demonstrate prejudice. Even if Shabani's counsel was competent,

5

Shabani still would not have been entitled to a reversal of the *in absentia* order of removal. Such an order can be rescinded only upon a showing in a motion to reopen that: (1) the alien failed to appear because of "exceptional circumstances;" (2) the alien did not receive notice of the removal hearing; or (3) the alien was in federal or state custody at the time of the hearing. 8 U.S.C. § 1229a(b)(5)(C). Shabani has never alleged any exceptional circumstances or that he was in custody at the time of the hearing. Therefore, he could have filed a meritorious motion to reopen only if he could have demonstrated that he did not receive proper notice of the hearing. See Gurung v. Ashcroft, 371 F.3d 718, 722 (10th Cir. 2004) (holding that the burden is on the alien to demonstrate that he did not receive notice of the hearing).

Notice of removal proceedings, including notice of a rescheduling, must be given in person, or through service by mail to the alien or his counsel. 8 U.S.C. § 1229(a)(1), (2)(A). Shabani claims that he did not receive the notice of the rescheduling of his removal hearing. The BIA, however, found that "notice was properly served at the respondent's last address of record." There is substantial evidence for the BIA's finding. The NTA, rescheduling notice, and notice of the removal order were all sent to the same address. In his affidavit filed with the first motion to reopen, Shabani stated that this is the address where he resided. Shabani admits that he received the NTA and notice of the removal order. Finally, there is a presumption in this context that a properly addressed notice is delivered to the addressee. See, e.g., Salta v. INS, 314 F.3d 1076, 1079 (9th Cir. 2002). The only evidence in Shabani's favor is his and his father's affidavits, both of

6

which state that the rescheduling notice was not received at their residence.

Because the rescheduling notice was properly addressed, presumed delivered, and other notices were received at the same address very close in time, there was substantial evidence to support the BIA's finding that the notice was properly served. See Joshi v. Ashcroft, 389 F.3d 732, 736 (7th Cir. 2004) (holding that a bare affidavit denying receipt is "weak evidence"); Gurung, 371 F.3d at 722 (holding that a statement denying receipt is insufficient to defeat presumption of delivery where a subsequent notice is received at the same address). Therefore, Shabani cannot demonstrate prejudice from his counsel's handling of the motions to reopen. Accordingly, we reject his ineffective assistance argument.

## B. Validity of the Order of Removal

Shabani's second argument is that he was deprived of due process because the IJ's mistakes of law prevented him from having a rehearing on the order of removal. Specifically, Shabani argues that he was deprived of proper notice of the rescheduling, and that he was prejudiced by the ineffective assistance of his counsel. As discussed in the previous section, supra, this argument lacks merit. Shabani also argues that the NTA was improper because it was based on information obtained from his asylum application, and therefore that the order of removal was invalid.

Information provided in an asylum application filed on or after January 4, 1995, "may be used as a basis for the initiation of removal proceedings, or to satisfy any burden of proof in exclusion, deportation, or removal proceedings." 8 C.F.R. § 1208.3(c)(1). In

7

its decision in this case, the BIA implicitly held that this provision means that asylum applications filed before January 4, 1995, cannot be used for that purpose. See Auguste v. Ridge, 395 F.3d 123, 150 (3d Cir. 2005) ("[T]he BIA's interpretation and application of its own regulations is entitled to great deference." (internal quotation marks omitted)). Shabani filed his asylum application in 1993. He argues that the INS must have used information from his asylum application to initiate removal proceedings because the NTA stated that he was an Albanian citizen, and no other document he filed stated that he was Albanian.

The BIA addressed this claim, and concluded that Shabani had failed to demonstrate that the NTA was based on information from his asylum application. The BIA found that Shabani's assertion was speculative because the INS could have relied on information from Shabani's employment authorization application (Form I-765) or his brother's adjustment of status application (Form I-130) filed on his behalf. There is substantial evidence to support the BIA's finding. First, Shabani had an interview with the INS after he filed his asylum application, and he presumably related the same information that was given in his application. Second, the INS could have relied on the I-130 form submitted by his brother, as it would have stated Shabani's nationality, date and point of entry, and immigration status. Finally, the I-765 form also states Shabani's nationality, date and point of entry, and immigration status. The submitted form lists his nationality as Yugoslavian instead of Albanian, but could have served as a basis to initiate removal proceedings because Shabani was removable regardless of his nationality. See 8

8

U.S.C. § 1182(a)(6)(A)(i). Therefore, the BIA's finding should not be disturbed. Accordingly, we reject Shabani's due process argument.

## III. Conclusion

For the foregoing reasons, Shabani's petition for review is **DENIED.**