**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 14, 2006
Decided June 27, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3766

| | | |
|---|---|---|
| MALANG BADJI, | | Petition for Review of an Order of the |
| | *Petitioner*, | Board of Immigration Appeals |
| v. | | No. A78-364-327 |
| ALBERTO R. GONZALES, | | |
| | *Respondent*. | |

**O R D E R**

Malang Badji petitions for review of an order of the Board of Immigration Appeals ("BIA") rejecting a motion for reconsideration. Badji, a native and citizen of Senegal, entered the United States in August 1994 using a visitor's visa but remained without authorization. The INS initiated removal proceedings and Badji conceded removability but filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. An IJ denied Badji's application for asylum in a decision dated January 20, 2004. A written copy of the decision was mailed to Badji's counsel along with a cover letter dated January 21,

2004. That letter noted that Badji must file a notice of appeal by February 19, 2004, though the BIA later observed the actual due date was February 20, 2004.

Badji filed a notice of appeal to the BIA on February 23, 2004, but recognizing that the appeal was untimely, filed a "motion for acceptance of notice of appeal out of time." In the motion he explained that a written order was not issued on January 20 (the date of his hearing) because the IJ was not physically present (she participated via video conference), that counsel did not receive the written order until January 23, and that counsel erroneously recorded February 22 (30 days from the receipt of the written order) as the due date for the notice of appeal. Accordingly, Badji requested that the BIA accept the notice of appeal by exercising its discretionary certification authority, 8 C.F.R. § 1003.1(c). The Board issued a form order inviting briefing, without specifying the subject to be briefed, and Badji filed a brief addressing only the merits of the appeal. The government declined to file a brief and instead moved for summary affirmance based only on the merits of the IJ's decision. The government did not object to Badji's motion for acceptance of an untimely notice of appeal.

In May 2005 the BIA held that Badji's appeal was untimely. It observed that with certain exceptions for weekends and holidays, a "notice of appeal (Form EOIR-26) must be filed within 30 calendar days of an Immigration Judge's oral decision or the mailing of a written decision." Because the decision was mailed on January 21, Badji's notice was due on February 20. Accordingly, the BIA "dismissed the appeal for lack of jurisdiction," declining to exercise its discretionary authority to take the case.

Badji did not petition this court to review the decision of the BIA. Instead, he filed a two-page motion to reconsider with the BIA in June 2005. The motion reasserted the same facts originally contained in Badji's motion to accept the untimely notice of appeal and requested that the BIA exercise its discretion in favor of the application; it did not raise any errors of law or fact. The BIA denied the motion to reconsider in August 2005, finding that because it did not raise any error of law or fact, it did not comply with *Matter of Cerna*, 20 I. & N. Dec. 399, 402 (1991). Badji filed a petition for review of this decision—the BIA's denial of his motion for reconsideration.

Badji's petition raises a single legal issue and does so for the first time on appeal to us. He argues that the BIA erred in its June 2005 order by ruling "sua sponte" that the untimeliness of his notice of appeal required dismissal for lack of jurisdiction. Badji relies on the Supreme Court's recent opinion in *Eberhart v. United States*, 126 S. Ct. 403 (2005) (per curiam), which examined Federal Rule of Criminal Procedure 33(a). Under that rule, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days

after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period." In *Eberhart*, the government did not object to the untimeliness of the defendant's Rule 33 motion until after the district court had reached the merits. *Id.* at 407. The Court held that because the time limit in the procedural rules is nonjurisdictional, the objection was forfeited and the merits were properly reached by the district court.

Here, Badji argues that the government similarly forfeited the untimeliness defense to his notice of appeal by not raising the argument before the BIA. The government, however, points out that Badji only petitioned for review of the denial of his motion to reconsider. He has not sought review of the BIA's decision dismissing the appeal for lack of jurisdiction. Badji asserts that a federal court can always consider arguments regarding jurisdiction, but as the government notes, that argument erroneously conflates federal court subject-matter jurisdiction with the BIA's jurisdiction.

Because Badji did not petition for review of the BIA's dismissal of his notice of appeal, the *Eberhart* issue he now raises is beyond the scope of our review. A petition for review of the denial of a motion to reconsider is not a "vehicle for a belated appeal from the order of removal" or any other order that was the subject of the motion to reconsider. *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004); *see also Stone v. INS*, 514 U.S. 386, 404-05 (1995); *Asere v. Gonzales*, 439 F.3d 378, 380-81 (7th Cir. 2006). Rather, the petition brings up for review only the propriety of denying the motion to reconsider. *Rehman v. Gonzales*, 441 F.3d 506, 508 (7th Cir. 2006). Because Badji did not petition this court for review of the BIA's dismissal of his appeal, he cannot challenge that dismissal or the underlying order of removal. We are limited to reviewing "whether the standards for reconsideration have been met." *Id.* And because Badji did not present any new argument to the BIA in his motion to reconsider, the BIA was within its discretion to deny the motion. *Id.*; *see also Hernandez-Baena v. Gonzales*, 417 F.3d 720, 724-25 (7th Cir. 2004); *Joshi v. Ashcroft*, 389 F.3d 732, 735 (7th Cir. 2004); *Ahmed*, 388 F.3d at 249.

Accordingly, the petition for review is DENIED.