NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

Argued November 9, 2007
Decided June 1, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 07-1119

| | |
|---|---|
| MARISOL CISNEROS-CORNEJO, *Petitioner*, | Petition for Review of a Decision of the Board of Immigration Appeals. |
| *v.* | No. A75 821 432 |
| ERIC H. HOLDER, JR., Attorney General of the United States, *Respondent*. | |

**ORDER**

When Marisol Cisneros-Cornejo did not appear at her removal hearing, an immigration judge ordered her removed *in absentia*.  Maintaining that she never received the notice informing her of the hearing date, she asked the Board of Immigration Appeals to rescind the removal order.  However, the only evidence she offered in support of non-receipt was her own

affidavit. The BIA was therefore justified in declining to rescind the removal order, and we deny her petition for review.

## I. BACKGROUND

Marisol Cisneros-Cornejo is a Mexican citizen. Her parents are permanent residents of the United States, and her father filed an approved relative petition on her behalf on October 13, 1994. On February 22, 2007, with the petition still unresolved, then twenty-eight-year-old Cisneros-Cornejo illegally entered the United States. She took an Amtrak train to Chicago where her uncle, Javier Cisneros, picked her up. Immigration and Customs Enforcement ("ICE") agents followed her uncle's van and stopped it on the side of the road. Javier Cisneros gave the agents his street address in Joliet, Illinois, and the agents wrote this address as Cisneros-Cornejo's address on her paperwork.

A few days later, ICE Agent Martin Trevino came to the home of Cisneros-Cornejo's parents in Joliet. They did not live with Javier Cisneros, and it is not clear from the record how Agent Trevino knew Cisneros-Cornejo's parents' address. During the interview, Agent Trevino asked Cisneros-Cornejo questions about the date, place, and manner of her entry into the United States. He also gave Cisneros-Cornejo his telephone number and asked her to telephone him if she remembered any information that would be helpful to him. Finally, Agent Trevino told Cisneros-Cornejo that she would receive another notice informing her of her hearing date.

On March 22, 2007, Cisneros-Cornejo received a Notice to Appear mailed to her at her uncle's home. The Notice, however, did not contain a hearing date or time. Instead, the Notice ordered her appearance on "a date to be set" and at "a time to be set." The reverse side of the Notice stated in part: "You are required to provide the INS, in writing, with your full name and telephone number. You must notify the Immigration Court . . . whenever you change your address . . . . Notices of hearing will be mailed to this address."

The record also contains a letter dated May 9, 2007, stating that Cisneros-Cornejo's hearing would be held on June 22, 2007, at 9:00 a.m. The letter is addressed to Marisol Cisneros-Cornejo and lists her uncle's street address as the address. At the bottom of the letter, an Immigration Court staff member noted that the letter had been sent by mail on May 9, 2007. Cisneros-Cornejo maintains that she did not receive this letter.

Cisneros-Cornejo did not appear at the hearing on June 22. With no one present on Cisneros-Cornejo's behalf, the immigration judge ordered her removed *in absentia*. A few days later, Cisneros-Cornejo's uncle gave her an envelope mailed to her at his home. It contained the immigration judge's *in absentia* order of removal. Within a week, Cisneros-Cornejo filed a motion to reopen and to rescind the removal order on the basis that she did not receive notice of her hearing. The BIA denied her request, and she petitions us for review.

## II. ANALYSIS

### A. Cisneros-Cornejo exhausted her current argument.

Cisneros-Cornejo argues that the BIA should have granted her motion to reopen because, she maintains, she did not receive notice of her hearing date. The government contends that we lack jurisdiction over Cisneros-Cornejo's petition for review because she did not make this argument to the BIA. Cisneros-Cornejo made a slightly different argument to the BIA, namely that the notice of her hearing had been sent to the wrong address. She has since withdrawn that argument.

As a general matter, we may review an alien's claims only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1); *see Jarad v. Gonzales*, 461 F.3d 867, 871 (7th Cir. 2006). As we have explained before, however, section 1252(d)(1)'s exhaustion requirement is not "jurisdictional" in that it is "not a limit on the set of cases that the judiciary has been assigned to resolve." *Korsunskiy v. Gonzales*, 461 F.3d 847, 849 (7th Cir. 2006). Because it is not jurisdictional in that sense, an agency can waive or forfeit an exhaustion argument. *Id.* We also recognize an exception to the exhaustion requirement for claims that the BIA is powerless to address, such as fundamental constitutional claims. *Hadayat v. Gonzales*, 458 F.3d 659, 665 (7th Cir. 2006).

In this case, Cisneros-Cornejo asks us to consider her claim despite her failure to raise it in her brief to the BIA for another reason – because the BIA addressed the argument *sua sponte*. We agree with her and with the majority of the circuits to have addressed the issue that when the BIA *sua sponte* denies relief on a ground not raised by the alien, the failure to raise that argument to the BIA does not preclude our review. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1120-22 (10th Cir. 2007); *Ye v. Dep't of Homeland Security*, 446 F.3d 289, 296-97 (2d Cir. 2006); *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176 (9th Cir. 2001). *But see Amaya-Artunduaga v. U.S. Atty. Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) ("[W]e think the goals of exhaustion are better served by our declining to review claims a petitioner, without excuse or exception, failed to present before the BIA, even if the BIA addressed the underlying issue *sua sponte*."). As the Eleventh Circuit put it, "[i]f the BIA deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the issue as far as the agency is concerned and that is all § 1252(d)(1) requires to confer our jurisdiction." *Sidabutar*, 503 F.3d at 1120. After all, when the BIA has addressed an issue *sua sponte*, "it was exhausted to the extent it could be." *Nazarova v. I.N.S.*, 171 F.3d 478, 489 (7th Cir. 1999) (Manion, J., dissenting on other grounds).

### B. The BIA was justified in denying the motion to reopen.

Cisneros-Cornejo petitions for review from the denial of her motion to reopen her case, in which the IJ had ordered her removed *in absentia*. Before an immigration judge can commence *in absentia* proceedings, an alien must be properly served with notice of the hearing. The relevant statutory provision, 8 U.S.C. § 1229(a)(2)(A), specifies that "written notice shall be

given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." Service by mail "shall be sufficient if there is proof of attempted delivery to the last address provided by the alien . . . ." 8 U.S.C. § 1229(c). If an alien is properly served with a hearing notice but does not attend, the alien will be ordered removed *in absentia* if the government establishes "by clear, unequivocal, and convincing evidence that the written notice was so provided" and the alien is removable. 8 U.S.C. § 1229a(b)(5)(A). Here, the immigration judge found that proper notice had been provided and that Cisneros-Cornejo was removable.

Cisneros-Cornejo then filed a motion to reopen the removal order that had been entered against her *in absentia*. The INA provides that

> Such an order may be rescinded only --
>
> (i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in section (e)(1) of this section), or
>
> (ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with [section 1229(a)] or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.

8 U.S.C. § 1229a(b)(5)(C).

Cisneros-Cornejo brought her motion to reopen under part (ii), maintaining she did not receive proper notice. Proper service is not at issue in a situation like this one; instead, the question on the merits is whether Cisneros-Cornejo received the notice. *See Sabir v. Gonzales*, 421 F.3d 456, 457 (7th Cir. 2005). And although a petitioner can be charged with having received the notice when she "thwarts" the notice's delivery, there is no indication that happened here. *Cf. Peralta-Cabrera v. Gonzales*, 501 F.3d 837, 843 (7th Cir. 2007). Instead, Cisneros-Cornejo simply maintains that she never received notice of her hearing date.

Cisneros-Cornejo is asking us to review the denial of a motion to reopen, and we held in *Kucana v. Mukasey*, 533 F.3d 534 (7th Cir. 2008), that the REAL ID Act removed our jurisdiction to consider claims that the BIA abused its discretion when it declined to grant a motion to reopen. The Supreme Court recently granted certiorari in *Kucana*, *see* 129 S. Ct. 2075 (2009), so it will let us know whether our ruling in that case was correct.

In any event, we have said before that whether an alien received notice of her deportation hearing implicates notions of due process. *See Peralta-Cabrera*, 501 F.3d at 843; *see also Nazarova v. I.N.S.*, 171 F.3d 478, 482 (7th Cir. 1999); *cf. Patel v. Holder*, 563 F.3d 565, 568 (7th Cir. 2009). In this respect a "motion to reopen" a matter where an *in absentia* removal order was entered on the basis of a lack of notice differs from a more run-of-the-mill motion to reopen.

*See Peralta-Cabrera*, 501 F.3d at 843 (applying de novo standard of review to motion to reopen *in absentia* removal and noting other motions to reopen reviewed for abuse of discretion). There is also no fixed time limit on filing a motion to reopen and rescind an order entered *in absentia* on the basis that one failed to receive proper notice, unlike in a typical motion to reopen. *See Derezinski v. Mukasey*, 516 F.3d 619, 620 (7th Cir. 2008). *Compare* 8 C.F.R. § 1003.23(b)(1) *with* 8 C.F.R. § 1003.23(b)(4)(ii).

To the extent due process is implicated here, we would have jurisdiction to review that constitutional claim. *See Iglesias v. Mukasey*, 540 F.3d 528, 530 (7th Cir. 2008); *cf. Adebowale v. Mukasey*, 546 F.3d 893, 895 (7th Cir. 2008) (no due process claim when alien actually received notice of hearing, even though notice stated it was for a removal hearing instead of an asylum hearing); *Derezinski v. Mukasey*, 516 F.3d 619 (7th Cir. 2008) (noting that due process required only efforts reasonably calculated to notify party to satisfy constitutional notice requirement). But making it over the jurisdictional hurdle would only mean that we could review whether the BIA's conclusion that Cisneros-Cornejo did not meet her burden to rebut the presumption of effective service meant she was denied due process.

The only evidence Cisneros-Cornejo offered in support of her non-receipt was her own affidavit asserting that she did not receive any notice of the hearing. Although a petitioner's affidavit of non-receipt is evidence, it is only weak evidence. *Joshi v. Ashcroft*, 389 F.3d 732, 736 (7th Cir. 2004). In *Joshi*, we assumed without needing to decide that the BIA could hold "that the intended recipient's affidavit of nonreceipt is not by itself sufficient proof of nonreceipt to warrant a new removal hearing." *Id.* More recently, we denied a petition for review where a hearing notice was sent to the petitioner by certified mail and returned to the sender after several delivery attempts, and the petitioner submitted an affidavit of non-receipt. *Derezinksi*, 516 F.3d at 619. We did not set aside the BIA's conclusion that the petitioner had either received notice of the hearing or evaded receipt. We suggested there, as we have before, that following a certified letter with one sent by regular mail would increase the chances that the intended recipient would receive it, but we recognized it was not a constitutional requirement. *Id.* at 622-23.

Here too, a notice sent by certified mail would have given everyone more assurance that the notice was received, but it was not required. The BIA considered Cisneros-Cornejo's affidavit of non-receipt. But that was the only evidence she submitted. She did not, for example, submit an affidavit from her uncle or from anyone else that may have resided at his address stating that the May 9 letter had not reached her uncle's residence, which might have made a difference to the BIA. *Cf. Matter of G-Y-R,* 23 I & N Dec. 181, 189 (BIA 2001) (alien can be charged with receiving notice if delivered to correct address even if alien did not see notice himself). And, the BIA pointed out, she received other documents from the Department of Homeland Security addressed to her at her uncle's address, both before and after the May 9

letter.  On this record, then, consistent with our decision in *Joshi*, we cannot say the BIA was unjustified when it upheld her removal order.

### III.  CONCLUSION

For the foregoing reasons, Cisneros-Cornejo's petition for review is **DENIED**.