**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL DELGADO, | No. 10-73571 |
| Petitioner, | Agency No. A095-764-388 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2014**
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Victor Delgado missed his immigration hearing because he didn't see the

hearing notice until it was too late. He didn't see the notice until it was too late

because he failed to check his mail regularly. The Immigration Judge ordered him

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removed in absentia and denied Delgado's later motion to reopen. The Board of Immigration Appeals dismissed his appeal. Now Delgado petitions for review.

We have jurisdiction under 8 U.S.C. §§ 1252(a)(1) and 1229a(b)(5)(D) (limiting our review to, as relevant here, the "validity of the notice provided to the alien" and "the reasons for the alien's absence" from the hearing). Here, the BIA adopted the IJ's decision, adding comments, so we review both decisions. Lopez-Cardona v. Holder, 662 F.3d 1110, 1111 (9th Cir. 2011). That review is for abuse of discretion. Hamazaspyan v. Holder, 590 F.3d 744, 747 (9th Cir. 2009). Finding none, we deny the petition.

Delgado makes two arguments. First, he argues that he should have been allowed to receive notice at his post office box. We agree with the BIA and the IJ that this argument fails. Notice is presumptively adequate if mailed to the last address provided by the alien. 8 U.S.C. § 1229a(b)(5)(A). Delgado admits that "notice of his removal hearing was properly sent," and the cases he cites—Alrefae v. Chertoff, 471 F.3d 353, 356–57 (2d Cir. 2006), and Joshi v. Ashcroft, 389 F.3d 732, 735 (7th Cir. 2004)—are distinguishable. Both involve aliens arguing that they didn't receive properly mailed notice. Delgado, on the other hand, admits receipt.

Second, Delgado argues that exceptional circumstances excuse his failure to appear. Exceptional circumstances include only those "beyond control of the alien." 8 U.S.C. § 1229a(e)(1). Here, Delgado admits that—even though he knew that notice was on the way—he could have, but didn't, check his own mail regularly.

PETITION DENIED.