MATTER OF SAMAI

In Deportation Proceedings

A-21424247

*Decided by Board January 16, 1980*

(1) Sufficient notice of hearing and an opportunity to prepare a defense to deportation is a basic procedural right. *Yiu Fong Cheung v. INS*, 418 F.2d 460, 462-463 (D.C. Cir. 1969).

(2) An objection raised for the first time on appeal concerning improper notice of the deportation hearing was not untimely made, since the respondent was previously unrepresented and had not made a knowing waiver of his procedural rights.

(3) Where the failure to observe 8 C.F.R. 242.1(b) and 103.5a(b) requiring a minimum period before a deportation hearing can be held after service of the Order to Show Cause deprived the unrepresented alien of a fair hearing, the Board remanded for a de novo hearing and entry of a new decision.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—remained longer than permitted

ON BEHALF OF RESPONDENT: Richard W. Williams, Esquire
283 Greenwich Avenue
Greenwich, Connecticut 06830

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent has appealed from the decision of an immigration judge, dated September 11, 1978, finding him deportable as charged and denying his request for voluntary departure in lieu of deportation. The appeal will be sustained and the record will be remanded.

The respondent is a 32-year-old native and citizen of Iran who last entered the United States on July 22, 1977, as a nonimmigrant student. On September 5, 1978, an Order to Show Cause was issued, charging the respondent with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as a nonimmigrant who had remained in the United States beyond the period of his authorized stay. The Order to Show Cause was served on the respondent by certified mail, return receipt requested. The respondent received the Order to Show Cause on September 8, 1978. *See* Exhibit 1.

242

8 C.F.R. 242.1(b) specifies that a deportation hearing may not be held less than 7 days after service of an Order to Show Cause except where the issuing officer determines that the public interest, safety, or security so requires, or at the request of the respondent. 8 C.F.R. 103.5a(b) specifies:

> Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3 days shall be added to the prescribed period. Service by mail is complete upon mailing.

Implementation of the regulations cited above required that the earliest proper hearing date which the Order to Show Cause served by mail on September 5, 1978, might contain was September 15, 1978. At the scheduled hearing on September 8, the immigration judge did not mention the irregularity of the notice to the then unrepresented respondent. On appeal, respondent alleged, without contradiction by the Service, that the public interest, safety, or security had not made it necessary to shorten the notice period, and he contended that holding the hearing in less than 7 days had deprived him of a fair hearing.

The existence of the regulation relieves us of the need to calculate in each individual case how much notice is sufficient when, as here, the regulation is violated. There was no knowing waiver and the objection at the appeal stage was not untimely in the circumstances. Sufficient notice of hearing and an opportunity to prepare a defense to deportation is a basic procedural right. *Yiu Fong Cheung* v. *INS*, 418 F.2d 460, 462-463 (D.C. Cir. 1969). The record will be remanded for a de novo hearing and the entry of a new decision.

On remand, the immigration judge should reconsider the respondent's request for voluntary departure if it can be shown that the punishment actually imposed for the respondent's conviction for petty theft brings that conviction within the petty offense exception to section 212(a)(9) of the Act, 8 U.S.C. 1182(a)(9). *See generally Matter of Urpi-Sancho*, 13 I&N Dec. 641 (BIA 1970).

ORDER: The immigration judge's decision of September 11, 1978, is vacated and the record is remanded for a de novo hearing and the entry of a new decision.