**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 29, 2006[*]
Decided December 7, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Nos. 05-3463 & 05-3990

| | |
|---|---|
| MOHAMMAD S. HUSSAIN, <br> *Petitioner,* <br><br>    *v.* <br><br> ALBERTO R. GONZALES, Attorney <br> General of the United States, <br>    *Respondent.* | On Petition for Review <br> of an Order of the <br> Board of Immigration Appeals <br><br> Nos. A76-773-458 <br>     A90-674-682 |

**O R D E R**

Mohammad Hussain was ordered removed *in absentia* in 2001 after he failed to appear for his removal hearing. Hussain filed successive motions to reopen removal proceedings on grounds that he did not receive actual notice of the hearing, but the Immigration Judge (IJ) denied both motions. Hussain appealed the denial of the second motion, which the Board of Immigration Appeals (BIA) denied. In this petition, Hussain argues that the BIA abused its discretion by affirming the IJ's denial of his motion to reopen. We grant Hussain's petition for review.

---

[*] We granted the appellant's unopposed motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. See Fed. R. App. P. 34(f).

In 1985 Hussain entered the United States from Pakistan on a temporary visa. After his visa expired, he continued to live in the United States with his wife and three children, one of whom is an American citizen.

These proceedings began in January 1998, when Hussain filed an I-485, Application for Adjustment of Status, with the Immigration and Naturalization Service (INS).[1]  In July 2000, the INS mailed Hussain a notice to appear in removal proceedings, noting that the date and time of the hearing would be set later.  Four months later the INS sent him a notice of hearing by regular mail, specifying a hearing date in June 2001.  Hussain says he never received notice of his hearing and therefore did not appear.  When he did not appear, the IJ entered an order of removal *in absentia*.  In September 2001 the INS sent Hussain a bag-and-baggage letter.  This notice was sent to Hussain by certified mail but was returned to sender.

Hussain apparently did not learn about the order of removal until March 2003, when he appeared for "special registration," a post-September 11 program requiring noncitizens from specified countries to register with the National Security Entry-Exit Registration System. *See Registration and Monitoring of Certain Nonimmigrants*, 67 Fed. Reg. 52584 (Aug. 12, 2002); 8 C.F.R. § 264.1(f).  In May 2003 he filed a motion to reopen removal proceedings, arguing primarily that he never received notice of the hearing. Although a stay of removal automatically went into effect after this filing, *see* 8 U.S.C. § 1229a(b)(5)(C), the Department of Homeland Security's Immigration & Customs Enforcement (ICE) Service inadvertently removed Hussain from the country that same month.  The IJ subsequently denied Hussain's motion to reopen on the ground that Hussain's removal constituted an automatic withdrawal of his motion to reopen.  *See* 8 C.F.R. § 1003.2(d).

More than two months later, Hussain moved to reconsider the IJ's denial of his motion to reopen, reiterating that he did not have adequate notice of the proceedings against him and that his removal should have been stayed.  The IJ denied this motion, finding that Hussain failed to establish any defect as a matter of law or fact in the original decision.

Hussain then appealed to the BIA, maintaining that he did not receive notice of the hearing date when he was ordered removed *in absentia*.  The BIA dismissed his

---

[1] Hussain contended before the IJ that this form was prepared by "an unscrupulous individual posing as an attorney." Effective March 1, 2003, most functions of the INS were transferred to the Department of Homeland Security. See Pub. L. No. 107-296.

appeal, stating that Hussain's earlier motions were properly denied because his removal from the United States, even if contrary to the automatic stay, constituted a withdrawal of his motion to reopen.

In April 2005 the ICE permitted Hussain to return to the United States to have his case decided on its merits, acknowledging that he should not have been removed after his motion to reopen had been filed.

Back in the United States, Hussain filed his second motion to reopen in June 2005, again asserting that he never received notice of the removal hearing and that his removal should have been stayed. The IJ transferred the case to the BIA, which denied the motion. The BIA determined that the motion was numerically barred because a petitioner may file only one motion to reopen, *see* 8 U.S.C. §§ 1229a(c)(6), (7); that a motion to reopen is not permitted after a petitioner's departure from the United States, *see* 8 C.F.R. § 1003.2(d); and that in the alternative Hussain failed to establish that he did not receive notice in accordance with the requirements of 8 U.S.C. § 1229(a).

In his petition to this court, Hussain argues that the BIA abused its discretion when it denied his motion to reopen because he did not have notice of the hearing when he was ordered removed *in absentia.*

We agree that the BIA abused its discretion because it did not consider Hussain's evidence that he did not receive notice of the hearing. Section 240(b)(5)(C) of the Immigration and Nationality Act allows rescission of an *in absentia* removal order "if the alien demonstrates that the alien did not receive notice" of the removal proceedings. 8 U.S.C. § 1229a(b)(5)(C)(ii). The relevant question in deciding a motion to reopen is not notice but receipt, and we have stated that "an affidavit or other sworn denial [of receipt] does create a genuine issue of fact." *Joshi v. Ashcroft*, 389 F.3d 732, 735 (7th Cir. 2004). Here, Hussain did submit sworn statements denying that he received the motion of hearing. He submitted a sworn "affirmation" by his attorney based on "conversations with [Hussain] and his family and documents provided . . . by them" and stating that Hussain "never received a notice of the hearing date." Hussain also submitted his own affidavit stating that he has "read the affirmation of [the attorney], and the facts set forth therein are true to the best of my recollection."

The BIA's decision ignored this evidence. Instead, the BIA focused on the notice to appear, which was sent about four months prior to the notice of hearing and did not specify the date and time of the hearing. However, the issue in this case "is not notice but receipt, because the statute allows an alien ordered removed in an absentia proceeding to reopen the proceeding if he did not receive notice even if the notice that was sent, whether or not it was received, satisfied statutory and constitutional requirements." *Joshi*, 389 F.3d at 736. Whether or not Hussain ever received the

notice to appear is not sufficient to prove that he received the notice of hearing. *See Sabir v. Gonzales*, 421 F.3d 456, 457 (7th Cir. 2005); *Ko v. Gonzales*, 421 F.3d 453, 455 (7th Cir. 2005) (granting petition for review where petitioner received notice to appear but not notice of hearing sent to same address).

We note that the BIA specified the numerical bar under § 1229a(c)(6) as an additional basis for denying Hussain's second motion to reopen. This ruling was an unreasonable application of a regulation that was created to provide uniformity to an agency's decisionmaking. *See Chowdhury v. Ashcroft*, 241 F.3d 848, 853 (7th Cir. 2001). Hussain's initial motion to reopen was denied for the purely technical reason that his removal from the U.S. (importantly, a mistake on the part of the ICE) constituted an automatic withdrawal of his motion. Because the BIA never reached the merits of his claim, this initial motion should not count for purposes of the § 1229a numerical bar. *See id.* at 854.

Because the BIA ignored Hussain's evidence of non-receipt and applied its regulation on the numerical bar unreasonably, we **GRANT** Hussain's petition for review. The BIA's order is **VACATED** on both its procedural and substantive grounds, and the case is returned to the BIA for further proceedings.