# United States Court of Appeals
## For the First Circuit

No. 07-1169

VLADIMIR KOZAK,

Petitioner,

v.

ALBERTO GONZÁLES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
and Lipez, Circuit Judge.

Stanley H. Cooper, on brief for petitioner.
Richard Zanfardino, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Peter D. Keisler, Assistant Attorney General, Civil Division, and Terri J. Scadron, Assistant Director, Office of Immigration Litigation, on brief for respondent.

September 14, 2007

**TORRUELLA**, **Circuit Judge**.  Vladimir Kozak did not appear at his immigration hearing on July 5, 2006.  Consequently, an Immigration Judge ("IJ") entered an order of removal against him in absentia.  Kozak, who was later detained, filed a motion to reopen his immigration proceedings on the ground that he did not receive notice of the July 7 hearing.  The IJ denied the motion to reopen, and the Board of Immigration Appeals ("BIA") affirmed.  After careful consideration, we remand to the BIA for further consideration of Kozak's motion.

## I. Background

Kozak, a Russian national, was admitted to this country in 1992 as a refugee.  However, after convictions for two crimes of domestic violence, Kozak was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(E)(i) ("Any alien who at any time after admission is convicted of a crime of domestic violence . . . is deportable.").  On July 7, 2005, Immigration and Customs Enforcement ("ICE") personally served Kozak with a Notice to Appear.  The Notice to Appear did not set a date for Kozak's hearing, but rather ordered him to appear "on a date to be set[,] at a time to be set."  On January 20, 2006, ICE sent Kozak a notice stating that his hearing was set for July 5, 2006, at 9:30 A.M.  Rather than personally serving Kozak with this notice, ICE elected to send it to him by regular mail.  Kozak claims that he did not receive the notice at his residence, and that as a result, he never

-2-

appeared for the hearing.  Because Kozak failed to appear, and because ICE presented evidence that Kozak was subject to removal, the IJ entered an in absentia order of removal against him on July 7, 2006.

ICE agents detained Kozak two months later, on September 1, 2006.  On September 13, 2006, Kozak filed a motion to reopen his immigration proceedings, asserting that he never received notice of his hearing date.  The IJ denied Kozak's motion on October 23, 2006 by written order stating that Kozak failed to allege any new facts that would merit the reopening of his immigration proceedings, see 8 C.F.R. § 1003.23(b)(3) ("A motion to reopen will not be granted unless the Immigration Judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."), and that in any case, the hearing notice had been mailed in accordance with ICE regulations, see id. § 1003.13. Kozak appealed the IJ's decision to the BIA, which affirmed in a per curiam order stating, in part, "[w]e agree with the [IJ] that respondent failed to present 'substantial and probative evidence' sufficient to overcome the presumption of proper delivery."  Kozak now petitions for review of the BIA's decision to deny his motion to reopen.

## II. **Discussion**

We start, as is customary, with the standard of review. "This court normally reviews decisions of the BIA rather than those of an IJ." Stroni v. Gonzáles, 454 F.3d 82, 86 (1st Cir. 2006). We examine the BIA's legal conclusions de novo, subject to principles of administrative deference. De Massenet v. Gonzáles, 485 F.3d 661, 663 (1st Cir. 2007). We then review the BIA's ultimate decision to deny a motion to reopen for abuse of discretion. Id.

An alien who fails to appear for an immigration hearing is subject to having an order of removal entered against him in absentia. 8 U.S.C. § 1229a(b)(5)(A). However, if the alien can later prove that he did not receive notice of the hearing, he may ask for the immigration proceedings to be reopened. Id. § 1229a(b)(5)(C)(ii). In the instant case, Kozak claims that because he did not receive notice of his hearing, he is entitled to have his proceedings reopened. The BIA found that Kozak failed to present "substantial and probative evidence" sufficient to overcome the presumption of proper delivery, citing In re Grijalva, 21 I. & N. Dec. 27 (B.I.A. 1995), and rejected his claim.

Prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 et seq. (1996), it was somewhat easier to determine whether or not an alien had received notice of a hearing because

-4-

the version of the Immigration and Nationality Act ("INA") then in effect required that notices be served in person or sent by certified mail. See 8 U.S.C. § 1252b(a)(1) (1995). Thus, as Grijalva makes clear, receipt (or constructive receipt) could easily be proven by a return receipt signed by the alien or by postal service records indicating attempts to deliver the notice to the alien's address. 21 I. & N. Dec. at 35-36. Accordingly, an alien who wanted to prove non-receipt had to overcome a "strong presumption" that service by certified mail was effective by "present[ing] substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery or that non-delivery was not due to the respondent's failure to provide an address where he could receive mail." Id. at 37.

In 1997, however, the IIRIRA amended the INA so as to permit federal authorities to serve notices of hearing by regular, rather than certified, mail. 110 Stat. 3009-588; see also 8 U.S.C. § 1229(a)(1) (2007) ("In removal proceedings . . . written notice . . . shall be given . . . through service by mail to the alien . . . ."). While this may have changed the manner in which federal authorities could provide notice of a hearing to an alien, it did not purport to amend 8 U.S.C. § 1229a(b)(5)(C)(ii). As such, the focus of our analysis continues to be on whether the alien

-5-

"received" the notice, rather than whether the ICE provided it. See, e.g., Lopes v. Gonzáles, 468 F.3d 81, 84 (2d Cir. 2006) ("As the use of the word 'receive' establishes, when considering the motion to reopen, the central issue no longer is whether the notice was properly mailed (as it is for the purpose of initially entering the in absentia order), but rather whether the alien actually received the notice."); Hussain v. Gonzáles, 207 F. App'x. 687, 689 (7th Cir. 2006) ("The relevant question in deciding a motion to reopen is not notice but receipt . . . .") (unpublished disposition).

With this in mind, we find that the use of regular mail renders the standard in Grijalva unworkable. As the Fourth Circuit has noted, "[t]he type of rebuttal evidence required by Grijalva, such as documentary evidence from the Postal Service, simply does not exist '[i]n the common case of failed delivery through regular mail.'" Nibaqwire v. Gonzáles, 450 F.3d 153, 157 (4th Cir. 2006) (second alteration in original) (quoting Ghounem v. Ashcroft, 378 F.3d 740, 744 (8th Cir. 2004)).[1] It would be inconsistent with the INA to require an alien to prove non-receipt with evidence that is unobtainable in the ordinary course.

_____

[1] For this reason, we do not find Gurung v. Ashcroft, 371 F.3d 718, 721-22 (10th Cir. 2004) ("[A] mere conclusory statement that [an alien] did not receive notice is insufficient to carry his burden of proof."), persuasive. Gurung relied on the standard from Grijalva, which as we have explained, is not appropriate for cases involving service by regular mail.

We leave it to the BIA to come up with a new standard to be applied to aliens who claim non-receipt of notices sent by regular mail. Although most mail reaches its intended destination, it is commonsensical that at least some does not. Joshi v. Ashcroft, 389 F.3d 732, 735 (7th Cir. 2004) ("Most letters are delivered, but some aren't . . . ."). In some cases, there may be evidence corroborating non-receipt of a notice, such as when a person other than the alien is also an intended recipient and submits an affidavit of non-receipt, see, e.g., Maknojiya v. Gonzáles, 432 F.3d 588, 589 (5th Cir. 2005) (noting that claim of non-receipt was corroborated by the fact that alien's counsel also failed to receive hearing notice), or when a particularly diligent alien inquires as to when his hearing might be scheduled, see, e.g., Joshi, 389 F.3d at 736 (noting that claim of non-receipt was corroborated by the fact that alien had called to inquire about status). However, in other cases, an alien may be the only person who is aware that his hearing notice did not arrive. In such a case, the only direct evidence of non-receipt may be an affidavit, signed and sworn by the alien, stating that he did not receive the notice.

This is not to say that every alien who presents an affidavit of non-receipt should be entitled to have his immigration proceedings reopened. As the Government points out, "a bare, uncorroborated, self-serving denial of receipt, even if sworn, is

weak evidence." Id. at 735. Certainly the BIA is entitled to "tak[e] account of all relevant evidence" surrounding the purported non-receipt. Lopes, 468 F.3d at 86 (holding that the BIA should have considered a variety of factors in determining the credibility of an affidavit alleging non-receipt).

However, we decline to adopt the Government's position in this case that we should presume that every notice sent by regular mail has been received by the recipient absent an extraordinary evidentiary showing such as the one required by Grijalva. The Government suggests that its position is supported by our decision in Sousa v. Ashcroft, 393 F.3d 271 (1st Cir. 2005). In that case, a non-resident alien claimed that he did not receive a notice to appear, and asked for his immigration proceedings to be reopened. Id. at 275. We rejected his appeal, noting that the BIA had properly determined that the alien had not submitted sufficient evidence to prove non-receipt. Id.

A number of significant differences make Sousa inapposite here. First, Kozak has submitted a sworn affidavit that he did not receive his hearing notice; in Sousa, the alien "gave no evidence at all to support his claim" at his first motion to reopen. Id. Moreover, in Sousa, the alien's claim was that the then-INS had sent his notice to appear to an old address. Id. We noted that the alien "had an affirmative duty to update his address with the INS should he move, a duty he admittedly did not fulfill." Id.

Here, there is no argument that the ICE improperly addressed the hearing notice, but rather that although properly addressed, the notice was never received at all. Kozak was under no obligation to inquire with the Postal Service as to whether it had misplaced any of his letters.

The Government also contends that its position is supported by In re G-Y-R-, 23 I. & N. Dec. 181 (B.I.A. 2001). In that case, the BIA made perfectly clear that "the notice requirement leading to an in absentia order cannot be satisfied by mailing the Notice to Appear to the last known address of the alien when the alien does not receive the mailing." Id. at 189. The Government suggests that we focus on another passage, namely, that "[a]n alien can, in certain circumstances, be properly charged with receiving notice, even though he or she did not personally see the mailed document." Id. However, In re G-Y-R- clearly indicates that this exception applies only to circumstances such as when "the Notice to Appear reaches the correct address but does not reach the alien through some failure in the internal workings of the household." Id. This does not appear to be the case here; neither Kozak nor the Government alleges that some household breakdown caused the loss of the notice at issue. Again, Kozak alleges that the hearing notice did not reach the correct address on file with the ICE.

Ultimately, it is enough that the BIA applied an inappropriate legal standard in determining whether or not Kozak had received his hearing notice. As the Second Circuit noted in Lopes, "although an affidavit of non-receipt might be insufficient by itself to rebut the presumption [of receipt], it does raise a factual issue that the BIA must resolve." 486 F.3d at 85-86. Here, the opinion of the BIA and the IJ clearly indicate that they disregarded Kozak's affidavit because it was not accompanied by the "substantial and probative evidence" referred to in Grijalva. Because we hold that the standard enunciated in Grijalva cannot be applied to notices sent by regular mail, we find that the BIA abused its discretion in denying Kozak's motion to reopen, and we remand for further consideration.

## III. Conclusion

For the foregoing reasons, we grant Kozak's petition for review, vacate the BIA's order, and remand to the BIA for further proceedings consistent with this opinion.

**Petition granted**.