SUHARYONO, No Name
Given, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES.

No. 06–5123.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) April 16, 2008.

Filed April 17, 2008.

Stanley J. Ellenberg, Esq., Philadelphia, PA, for Petitioner.

Edward J. Duffy, Esq., Michael P. Lindemann, Esq., John D. Williams, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: FUENTES, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Suharyono petitions for review of an order by the Board of Immigration Appeals ("BIA") denying his motion to reopen and reconsider its prior order dismissing his appeal from the Immigration Judge's ("IJ") order of removal. For the following reasons, the petition for review will be denied.

I.

Suharyono is a Christian, ethnic Chinese native and citizen of Indonesia. He arrived in the United States in 2001 on a visitor visa and applied for asylum in 2003. The government later instituted removal proceedings against him, charging him as removable for having overstayed his visa.

At his hearing before the IJ, Suharyono conceded removability but sought asylum, withholding of removal and relief under the Convention Against Torture on the

grounds that he might suffer ethnic- and religious-based mistreatment if returned to Indonesia. Suharyono testified that he suffered seven incidents of mistreatment by native Indonesians between 1983 and 2000, ranging in severity from taunting by other schoolchildren to several muggings, none of which he alleges resulted in serious injury. Suharyono testified that he does not want to return to Indonesia because he fears these incidents will recur. Suharyono also offered numerous articles regarding mistreatment of Chinese Christians in Indonesia.

The IJ found Suharyono's testimony credible but denied relief. The IJ found the asylum application untimely because Suharyono filed it more than one year after entering the country and had not established changed or extraordinary circumstances. *See* 8 U.S.C. § 1158(a)(2)(B) and (D). The IJ also found that Suharyono's asylum claim lacked merit because he had not established a well-founded fear of persecution if returned to Indonesia. Finally, the IJ found that Suharyono had not met the higher standards for withholding of removal or relief under CAT. Suharyono appealed to the BIA, which dismissed his appeal on May 3, 2006. Suharyono did not petition this Court for review of that ruling.

Instead, on August 1, 2006, Suharyono filed with the BIA what he captioned as a motion to reopen his proceeding. Suharyono argued that (1) the IJ's and BIA's rulings were legally erroneous, (2) the IJ had denied Suharyono due process by "taking over" the questioning of Suharyono from his counsel and effectively acting as a government attorney, and (3) previ-ously-unavailable news articles demonstrated worsening conditions in Indonesia. The BIA denied Suharyono's motion by decision issued November 20, 2006. The BIA construed the motion as both a motion to reconsider, insofar as it argued that the IJ and BIA had committed legal error, and as a motion to reopen, insofar as it sought to present new evidence. The BIA denied that aspect of the motion seeking reconsideration as untimely because Suharyono did not file it within 30 days of the BIA's previous ruling as required by 8 C.F.R. § 1003.2(b). The BIA also held that Suharyono had waived his due process argument by failing to raise it on appeal and that Suharyono's additional evidence did not warrant reopening. Suharyono petitions for review of the BIA's decision.

## II.

We have jurisdiction to review the BIA's denial of reconsideration and reopening under 8 U.S.C. § 1252. *See Shardar v. Att'y Gen.*, 503 F.3d 308, 311 (3d Cir. 2007).[1] We review the BIA's ruling for abuse of discretion, and may reverse only if it was "arbitrary, irrational, or contrary to law." *Id.* (citation omitted). After careful consideration of the record, we conclude that the BIA did not abuse its discretion here.

Suharyono raises three arguments in his brief. First, he argues that the BIA should have reopened his proceeding because the IJ and BIA failed to consider whether he had shown a pattern or practice of persecution as required by this Court's decision in *Sukwanputra v. Gonzales*, 434 F.3d 627 (3d Cir.2006), which we issued while his appeal before the BIA was

---

1. Suharyono does not seek review of the BIA's initial dismissal of his appeal from the IJ's ruling. Even if he had, we would lack jurisdiction to review that dismissal because Suharyono did not file a timely petition for review of that decision. *See Stone v. INS,* 514 U.S. 386, 394, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *McAllister v. Att'y Gen.,* 444 F.3d 178, 185 (3d Cir.2006).

still pending. Suharyono, however, does not address either the BIA's decision to treat that aspect of the motion as a motion for reconsideration or its conclusion that the motion was untimely. Thus, Suharyono has waived any challenge to the BIA's decision in that regard. We note, however, that the BIA did not abuse its discretion in treating this aspect of the motion as a motion for reconsideration, *see Zhao v. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001) (motion asserting legal error properly characterized as motion for reconsideration), or in finding it untimely, *see* 8 C.F.R. § 1003.2(b).

Second, Suharyono argues that the BIA should have reopened because the IJ denied him due process by taking over the questioning at his hearing. The BIA deemed this argument waived because Suharyono did not raise it in his appeal but raised it instead for the first time in his motion to reopen. Suharyono argues, without citation to authority, that due process violations can be raised "throughout any stage of his removal proceedings and subsequent appeals" and that the BIA's decision to deem this claim waived was itself a violation of due process. The BIA, however, did not abuse its discretion in deeming this argument waived. *See Bonhometre v. Gonzales*, 414 F.3d 442, 447–48 & nn. 7–8 (3d Cir.2005) (requiring exhaustion of due process argument based on IJ's conduct that BIA had jurisdiction to consider and could redress); *Maindrond v. Ashcroft*, 385 F.3d 98, 100 (1st Cir.2004) (BIA did not abuse discretion in deeming issue waived where issue was not raised on appeal from IJ's ruling). In any event, Suharyono's due process argument lacks merit. Suharyono argues that the IJ's questioning rendered him unable to present his case in chief, but he does not identify any evidence that he was prevented from introducing. *See Bonhometre*, 414 F.3d at 448 (explaining that due process claim requires a showing of substantial prejudice). The record reveals that the IJ questioned Suharyono extensively and expressed impatience at times (mainly with counsel), but reveals nothing suggesting that he overstepped his role as a neutral fact-finder and nothing approaching the level of intemperance, hostility, or apparent partiality that we have condemned in other cases. *Cf. Sukwanputra*, 434 F.3d at 637–38; *Wang v. Att'y Gen.*, 423 F.3d 260, 267–70 (3d Cir.2005).

Finally, Suharyono argues that the BIA should have reopened on the basis of six previously-unavailable news articles he submitted with his motion. The BIA concluded that this evidence was merely cumulative of evidence already of record and that it neither pertained to Suharyono individually nor demonstrated changed conditions in Indonesia that might warrant reopening. After carefully reviewing the record and the additional articles, we conclude that the BIA's determinations were not arbitrary, irrational, or contrary to law. *See Filja v. Gonzales*, 447 F.3d 241, 255 (3d Cir.2006) (holding that BIA may deny reopening where petitioner "has failed to introduce previously unavailable material evidence that justified reopening").

Accordingly, we will deny the petition for review.