**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4033
_____

BRIAN I. WILSON,
a/k/a Paul McKnight,
                              Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A034-337-862)
Immigration Judge: Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2016
Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 19, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Brian Wilson, a citizen of Trinidad and Tobago, was admitted to the United States as a legal permanent resident in 1975. In 1995, he was convicted in New York state court of attempted criminal sale of a controlled substance in the third degree. In 1996, he was convicted in New York state court of conspiracy to sell a controlled substance. In light of those convictions, the Department of Homeland Security charged Wilson with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who has been convicted of an aggravated felony as defined in 8 U.S.C. 1101(a)(43)(B) (illicit trafficking in a controlled substance, including a drug trafficking crime), and 8 U.S.C. § 1227(a)(2)(B)(i), as an alien who has been convicted of a controlled substance offense.[1] Wilson contested his removability and applied for a waiver from removal under former 8 U.S.C. § 1182(c) ("§ 212(c) waiver"). After a hearing, an Immigration Judge ("IJ") sustained the charges of removability. The IJ also determined that Wilson was not eligible for § 212(c) relief due to his aggravated felony conviction. Moreover, even if Wilson were eligible, the IJ determined that Wilson did not merit a favorable exercise of discretion due to his criminal record, which also included a manslaughter conviction in New York state court.

Wilson appealed. The Board of Immigration Appeals ("BIA" or "Board") remanded the matter to the IJ to address Wilson's claim that he is a U.S. citizen, having

---

[1] Wilson was initially charged as removable based upon his 1995 conviction. However, the Government later amended Wilson's notice to appear to also include his removability based upon his 1996 conviction.

2

derived citizenship through his parents. On remand, the IJ determined that Wilson is not entitled to derivative citizenship because he was over eighteen years of age at the time of his father's naturalization and his mother never naturalized.

The BIA agreed with the IJ that Wilson's 1996 drug conviction was an illicit drug trafficking crime which qualified as an aggravated felony. The Board also rejected Wilson's arguments that the Government was precluded from filing additional charges of removal after the initial notice to appear and that he was entitled to § 212(c) relief. The Board also concluded that Wilson is not a U.S. citizen through his father's naturalization.

This petition for review followed. The Government opposes Wilson's petition on jurisdictional grounds. Wilson presents a motion for appointment of counsel.

We exercise jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Although the jurisdictional statute strips us of jurisdiction to review a final order of removal against an alien, like Wilson, who is removable by virtue of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), it also requires that we decide an alien's claim of citizenship unless the claim presents disputed factual issues, 8 U.S.C. § 1252(b)(5)(A), and grants jurisdiction to review constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(D). Accordingly, we must dismiss this petition to the extent that Wilson presents issues outside these limits on our jurisdiction. However, we disagree with the Government that

3

Wilson has failed to present any arguments over which we retain jurisdiction. Thus, we will discuss in turn the claims that are properly before us.[2]

Wilson argues, as he did before the BIA, that the Government was prohibited from amending his notice to appear to include a charge of removability based upon his 1996 conviction. As mentioned, the original notice to appear did not include a charge related to his 1996 conviction. Wilson's argument is without merit, however, because the Government may lodge additional charges at any time during removal proceedings. See 8 C.F.R. § 1240.10(e); Yong Wong Park v. Att'y Gen., 472 F.3d 66, 73 (3d Cir. 2006).

Wilson also appears to argue that the BIA violated his due process rights by failing to address on appeal his claim of derivative citizenship. However, the record demonstrates that the BIA fully considered and later rejected Wilson's claim that the IJ had erred in finding that he is not a U.S. citizen through the naturalization of his parents. In doing so, the BIA specifically pointed out that because Wilson had already turned eighteen by the time his father naturalized, he did not derive citizenship from him under the applicable statute, former Immigration & Nationality Act ("INA") § 321(a)(4). See 8 U.S.C. § 1432(a)(4) (repealed) (providing that a child born outside of the country who is residing in the United States can become a citizen when a parent naturalizes as long as

---

[2] We note that the question of whether an alien's conviction qualifies as an aggravated felony generally presents a question of law. See Singh v. Att'y Gen., 677 F.3d 503, 508 (3d Cir. 2012). However, because Wilson does not argue in his opening brief that the agency wrongly determined that he has been convicted of an aggravated felony, the argument has been waived. See Khan v. Att'y Gen., 691 F.3d 488, 495 n.4 (3d Cir. 2012).

4

"such naturalization takes place while such child is under the age of eighteen years"). Additionally, because Wilson's mother was never naturalized, he could not have derived citizenship through her. On appeal to the BIA, Wilson did not rebut the IJ's finding of fact that in addition to being twenty-four years old when his father naturalized, his mother never naturalized. Accordingly, we find no error on the part of the BIA in rejecting Wilson's claim of derivative citizenship.

Next, Wilson argues that the BIA erred by failing to employ a de novo standard of review on appeal. He also claims that the BIA failed to review the findings of fact made by the IJ under the "clearly erroneous" standard. However, the record supports the conclusion that the BIA did, in fact, apply the correct standards of review. In particular, the BIA stated in its opinion: "We review an Immigration Judge's findings of fact for clear error, and review questions of law, discretion, and judgment, and all other issues on appeal de novo." (See Administrative Record at 2.) Given that the Board cited and applied the correct standards, see Yusupov v. Att'y Gen., 518 F.3d 185, 202 (3d Cir. 2008), Wilson's arguments are without merit.[3]

Wilson also asserts that the BIA erred by determining that he is statutorily ineligible for § 212(c) relief. Although we retain jurisdiction to consider questions of law related to statutory eligibility for § 212(c) relief, see Lupera-Espinoza v. Att'y Gen., 716

---

[3] Additionally, for the reasons identified by the BIA, we perceive no error on the part of the IJ regarding its decision to permit the Government to supplement the record with additional evidence pertaining to Wilson's state court convictions.

5

F.3d 781, 785 (3d Cir. 2013), the BIA made no such finding here. Rather, the BIA determined that Wilson had not challenged on appeal the IJ's conclusion that, even if he were statutorily eligible for § 212(c) relief, his criminal history made him undeserving of a favorable exercise of discretion. Thus, the Board did not reach Wilson's remaining arguments with respect to § 212(c) relief. Having reviewed the record, we agree that Wilson did not challenge (in his administrative appeal) the IJ's alternative ruling that he was undeserving of a favorable exercise of discretion even if he were statutorily eligible for § 212(c) relief. Indeed, the BIA does not err by deeming an issue waived where the issue was not raised on appeal from the IJ's ruling. See Maindrond v. Ashcroft, 385 F.3d 98, 100 (1st Cir. 2004).[4] Accordingly, Wilson's argument that the BIA erred in ruling that he is statutorily ineligible for § 212(c) relief is without merit.

For these reasons, the Government's motion to dismiss is granted in part and denied in part, and we will dismiss in part and deny in part Wilson's petition for review. We also deny Wilson's request for appointment of counsel.

---

[4] We note that even if Wilson had exhausted before the BIA the claim the IJ erred in declining to grant him § 212(c) relief as a matter of discretion, we lack jurisdiction to review such a determination. See INA § 242(a)(2)(B)(ii); INS v. St. Cyr, 533 U.S. 289, 325 (2001) (stating that the decision to grant or deny relief pursuant to former § 212(c) is a discretionary one).